**GEORGE W. DEER & SON v. EMPLOYERS INDEMNITY CORPORATION et al.**

No. 5274.

Circuit Court of Appeals, Seventh Circuit.

March 14, 1935.

Rehearing Denied June 11, 1935.

Chase Harding and Robert B. Harding, both of Crawfordsville, Ind., for appellant.

James L. Murray, of Indianapolis, Ind., for appellees.

Before EVANS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge (after stating the facts as above).

The explosion occurred a few hours after the policy became effective. Appellant delivered the kerosene, with the explosive material added to the kerosene, a few days earlier. The liability asserted by appellant, if it exists, must be traceable to the policy which contained the following provisions.[1]

Liability turns on the meaning of the word "accidents" as used in paragraph 1, which is set forth in the margin. Appellees argue that the words "accidents or errors occurring while this policy is in force" should be construed so as to restrict the meaning of the word "accidents" to a meaning synonymous with mistake. Inasmuch as the mistake was made before the policy was issued, no liability under the policy arose. This is appellees' argument.

We perceive no sufficient reason for so restricting the meaning of this word. The insurance company selected its terminology. It should not repudiate the fair or usual meaning of the word it employs. If the language it adopts in its contract is capable of two constructions, it cannot be permitted to adopt one meaning in selling the policy and another in avoiding liability. Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102.

Moreover, in the policy in question this word "accidents" is used several times. In all other places it is used in its usual sense as meaning mishap. In paragraph B, entitled "Public Liability at Stations," the word "accidents" is twice used. It first appears in the phrase "excluding *accidents* caused by Teams, Automobiles or Elevators," etc. Its second use appears in the clause "as a result of accidents occurring while this policy is in force," etc. Thus used, it negatives the construction which appellees place upon it. If we were otherwise in doubt as to the proper meaning to be given it in paragraph 1, the doubt was removed when appellees chose to give to the word when used elsewhere in the policy a meaning inconsistent with the meaning now advanced by them.

This conclusion makes it unnecessary for us to consider the additional ground advanced by appellant in favor of its contention that it should recover the expenses incurred in defending the litigation brought by the husband and the administrator against appellant.

The judgment is reversed with directions to grant a new trial.

---

[1] "1. To Indemnify the Assured named in the Schedule against loss resulting from damages assessed by law against the Assured on account of bodily injuries, including death at any time resulting therefrom, whether instantaneous or not, suffered or alleged to have been suffered by any person or persons (except persons in the employ of the assured at the time of the injury) from *accidents or errors* occurring while this policy is in force as provided in such of the following clauses as are designated in Statement 3 of the Schedule to be covered hereby and for which a premium is expressly stipulated therein;

"A—Oil Products Public Liability.

"Caused by error or mistake, or alleged error or mistake, of the Assured, or of any Employe or representative of the Assured, or of any substitute acting for any such Employe or Representative of the Assured, whereby gasoline or benzine, or any mixture of gasoline or benzine with any other petroleum product or products, is delivered to any customer, wholesale or retail, in the place of and instead of any other commodity.

"B—Public Liability at Stations.

"Within or upon the premises of Assured described in Statement 3 of the Schedule, or upon the sidewalks or other ways adjacent thereto; excluding accidents caused by Teams, Automobiles or Elevators, belonging to or operated by Assured or his Employes."