Dennis VERHEIN and Rose
Verhein, Plaintiffs,

v.

SOUTH BEND LATHE, INC., a Foreign Corporation, and Travelers Indemnity Insurance Company, a Foreign Insurance Corporation, Defendants.

Civ. A. No. 76–C–273.

United States District Court,
E. D. Wisconsin.

April 19, 1978.

Edward Rudolph, Elm Grove, Wis., for plaintiffs.

Donald H. Carlson, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Before the Court is the motion of the defendant manufacturer and its insurance company for summary judgment against the plaintiffs, and the motions of the plaintiffs to add a party defendant and to file an amended complaint. The defendants' motion is granted and the plaintiffs' motions are denied.

In their complaint, the plaintiff Dennis Verhein ("Dennis") and his wife Rose Verhein allege that Dennis was injured while operating an industrial punch press machine manufactured and sold by the defendant manufacturer to the said plaintiff's employer. The charge is that the machine was unreasonably dangerous for ordinary use. These allegations are denied by the defendant manufacturer and its insurer who contend in their motion for summary judgment and affidavit in support thereof that the machine which allegedly injured Dennis was actually made and sold by a different corporation, the Bontrager Corporation, which sold its assets, including those used to manufacture punch presses, to AMSTED Industries, Inc., one year after the machine which allegedly injured the plaintiff Dennis was sold to said plaintiff's employer. Some years later on June 30, 1975, AMSTED Industries, Inc., sold certain assets to Southbend Lathe, Inc., which assets may have included some of the punch press manufacturing assets.

By these allegations in its motion, the defendant manufacturer and its insurer are attempting to establish that the defendant manufacturer had nothing to do with the manufacture of the allegedly defective machine. The position of the defendants is that some other corporation was the maker of the machine and that the defendant manufacturer's only connection with that other corporation arises from the fact that at some time later it acquired some of the other corporation's assets, including some of the machinery used in making the punch press machines. The plaintiffs have not contradicted the defendant's affidavit, stating that the allegedly defective machine was made and sold by Bontrager Corporation, and the defendant manufacturer is correct in its assertion that as a matter of law it cannot be liable to the plaintiffs if its sole connection with the corporation making the machine is through the purchase of some productive assets. *Forest Laboratories Inc. v. The Pillsbury Company*, 452 F.2d 621 (7th Cir. 1971). Therefore, the defendants are entitled to summary judgment un-

less the plaintiffs have alleged some other basis under which the defendants may yet be liable.

No such other basis of liability is asserted by the plaintiffs against the defendants by way of pleadings or affidavits submitted by the plaintiffs. Instead, the plaintiffs have attempted to argue, without factual foundation, that the defendant manufacturer, AMSTED Industries, Inc., and the Bontrager Corporation are somehow so interrelated as to render the defendants liable for the actions of the Bontrager Corporation, the undisputed manufacturer of the allegedly defective machine. However, the plaintiffs have alleged no facts by way of pleadings or affidavits that tend to establish such a degree of interrelationship between the corporations. The only allegations concerning the interrelationships arise from statements in the plaintiff's briefs. Thus, the plaintiffs assert:

"* * * No evidence is presented that would enable us to conclude other than that it [the defendant manufacturer] is merely a continuation of the Bontrager Corporation which originally manufactured the punch press machine. The only defect if any exists here is that of a misnomer of parties with the real culpable entity still viable. * * *" (Plaintiffs' brief in support of motion for leave to amend and reply brief to motion for summary judgment, at 3, filed May 27, 1977.)

This statement by the plaintiffs is of no consequence because the burden is on the plaintiffs to assert facts tending to establish that the claimed interrelationship between the corporations exists. No such facts have been asserted by the plaintiffs, and the defendants are under no obligation to exculpate themselves when the plaintiffs have not even established facts upon which liability might be imposed.

The plaintiffs further assert without factual foundation by way of pleadings or affidavits that—

"* * * the defendants have offered no evidence to support their belief that AMSTED merely bought out BONTRAG-

ER. They confess their ignorance concerning the true nature of this previous transaction. It is just as likely on the state of this record that BONTRAGER merged with AMSTED or that AMSTED expressly agreed to become liable for BONTRAGER's torts.

"It is not incumbent upon the plaintiffs at Summary Judgment to prove that AMSTED would be liable for the torts of BONTRAGER. * * *" (Plaintiffs' reply brief in support of motion to add party, at 2, filed July 20, 1977.)

These arguments by the plaintiffs are insufficient in that they assume that the plaintiffs have already met their burden of establishing facts upon which the defendants could be held liable. The only assertions that the defendants are liable for the tort allegedly committed by an ostensibly separate entity, Bontrager Corporation, are the just-quoted conclusory statements from plaintiffs' briefs. Such statements are to be disregarded by a court in ruling on a motion for summary judgment. 6 Moore's Federal Practice ¶ 56.11[1.—8] (2d ed. 1976).

The conclusion follows that because there is no genuine dispute as to any material issue of fact, and because the defendants have shown that they are entitled to judgment as a matter of law, summary judgment should be entered in favor of the defendants. The defendants have established by uncontradicted affidavit that it was another corporation that built the allegedly faulty machine. The plaintiffs have failed to plead or aver facts by pleadings or affidavits that tend to establish any other basis for imposing liability upon the defendants.

Since the Court has determined that the defendants' motion for summary judgment is to be granted, there is no need to consider the plaintiffs' motions to add a party and to amend the complaint, for with the granting of the summary judgment motion, there is no action to which a party can be added or an amended complaint filed.

IT IS THEREFORE ORDERED that the motion of the defendants for summary judgment is granted, and the motions of the

plaintiffs to add a party defendant and to file an amended complaint are denied.