577 F.2d 418
 Duane FAGNAN and Raymond Fagnan, Plaintiffs-Appellees,
v.
GREAT CENTRAL INSURANCE COMPANY, Defendant-Appellant.
 No. 77-2272.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 21, 1978.
Decided May 30, 1978.
Rehearing and Rehearing En Banc Denied July 17, 1978.
 
 James T. Martin, South Edina, Minn., for defendant-appellant.
 James A. Drill, New Richmond, Wis., for plaintiffs-appellees.
 Before TONE and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.*
 TONE, Circuit Judge.
 
 
 1
 The issue presented is whether the federal compulsory counterclaim rule, Rule 13(a), Fed.R.Civ.P., precludes an action against an insurance company under the Wisconsin direct action statute, when an action directly against the insured would be barred by the rule. The District Court answered this question in the negative and entered judgment against the insurance company. We reverse.
 
 
 2
 The collision of two automobiles in Wisconsin resulted in the death of one of the drivers, Robert Thompson, and injuries to his passenger, David Harness. The driver of the other automobile, Duane Fagnan, was also injured.
 
 
 3
 Harness, Thompson's passenger, brought an action against the administrator of Thompson's estate in the United States District Court for the District of Minnesota. The administrator filed a third party claim for contribution against Fagnan, who filed an answer to that claim. Later Harness filed a claim under Rule 14(a) against Fagnan, which Fagnan also answered. In addition, Fagnan cross-claimed against the administrator for contribution. The case was settled without a trial, and the court dismissed the action. Under the last sentence of Rule 41(b), Fed.R.Civ.P., the dismissal operated as an adjudication upon the merits.[1]
 
 
 4
 A few months after the action in Minnesota was dismissed, Duane Fagnan and his father, Raymond Fagnan, sued in a Wisconsin state court against Thompson's insurer, Great Central Insurance Company, under the Wisconsin direct action statute. Raymond Fagnan's claim was for medical expenses and care of his minor child incurred as a result of the action.[2] Also named as a defendant was Thompson's father, Darrold Thompson. The defendants removed the case to the United States District Court for the Western District of Wisconsin, where a trial before a jury resulted in a directed verdict in favor of Darrold Thompson, from which no appeal is taken, and verdicts in favor of both Duane Fagnan and Raymond Fagnan against the insurer, who appeals.
 
 
 5
 Relying on Rule 13(a), the insurer argues that any claim of Duane Fagnan against Robert Thompson's estate was disposed of by the judgment in the Minnesota action. The insurer now concedes that the award to Raymond Fagnan of damages for the medical expenses and care of Duane Fagnan cannot properly be challenged, since Raymond Fagnan was not a party to the Minnesota action. Accordingly, the judgment in his favor is not subject to attack.
 
 I.
 
 6
 At the time of the accident in this case, Wisconsin's direct action statutes were Wis.Stat. §§ 204.30(4) and 260.11(1). Section 204.30(4)[3] was substantive and created "direct liability between the insured third person and the insurer," while § 260.11(1)[4] provided the procedural vehicle by which the insurer could be made a party defendant. Miller v. Wadkins, 31 Wis.2d 281, 142 N.W.2d 855 (1966). See Koss v. Hartford Accident & Indemnity Co., 341 F.2d 472 (7th Cir. 1965). However,
 
 
 7
 (t)he fact that a third party can sue an insurer of a motor vehicle direct . . . without first recovering a judgment against the insured defendant does not enlarge the coverage afforded by such policy or determine the insured's liability thereunder. The third party can only recover from the insurer by virtue of the contract existing between it and its insured.
 
 
 8
 Nichols v. U.S.F. & Guaranty Co., 13 Wis.2d 491, 109 N.W.2d 131, 136 (1961).
 
 
 9
 Therefore, an insurance company's liability under the Wisconsin direct action statute is derivative, i.e., the "insurer is not liable unless the assured is." Hunt v. Dollar, 224 Wis. 48, 271 N.W. 405, 409 (1937). Thus the insurer is liable in this action only if the insured, Robert Thompson's administrator, is liable.
 
 II.
 
 10
 Rule 13(a) provides in pertinent part as follows:
 
 
 11
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction . . . .
 
 
 12
 A compulsory counterclaim that is not asserted is barred by the judgment. Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974); Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd, 503 F.2d 1193, 1198 (10th Cir. 1974).
 
 
 13
 Duane Fagnan's claim against Robert Thompson's administrator existed at the time the pleadings were served in the Minnesota action,[5] arose out of the same transaction or occurrence that was the subject of that action, and did not require for its adjudication the presence of third parties. It was therefore a compulsory counterclaim and was extinguished by the judgment in that action.
 
 
 14
 Because Duane Fagnan's claim against the administrator is barred, his claim against the insurer is also barred. The judgment in favor of Duane Fagnan against Great Central must therefore be reversed.
 
 
 15
 Affirmed in part and reversed in part. Each side will bear its own costs.
 
 
 
 *
 The Honorable William J. Campbell, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation
 
 
 [1]
 The court's order of dismissal recited that the court had been reliably informed that the case had been settled but the attorneys had "been negligent for some time in getting a stipulation of dismissal signed and filed." The court, therefore, sua sponte dismissed the action, retaining jurisdiction for 10 days, within which the parties could move to vacate. A stipulation to dismiss with prejudice had already been signed, the record before us shows, although it was apparently never filed with the court. The order of dismissal became final at the expiration of the 10 days and fell within the final category, "any dismissal not provided for in this rule," of Rule 41(b) and as such operated as an adjudication upon the merits
 
 
 [2]
 Under Wisconsin law a parent's liability for the medical expense and care of his minor child are separate causes of action from the child's personal injury claims and can only be asserted by the parent. Sulkowski v. Schaefer, 31 Wis.2d 600, 143 N.W.2d 512, 515 (1966)
 
 
 [3]
 Section 204.30(4) provided in pertinent part:
 Any . . . policy of insurance covering liability to others by reason of negligence shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover . . . for injury to person . . . irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by negligence, such liability not to exceed the amount named in said . . . policy.
 This section was repealed effective June 22, 1976, by L.1975, ch. 375, § 13.
 
 
 [4]
 Section 260.11(1) provided in pertinent part:
 In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured if the policy of insurance was issued or delivered outside the state of Wisconsin, the insurer is by this section made a proper party defendant only if the accident, injury, or negligence occurred in the state of Wisconsin.
 The procedural authority to join the insurer as a party presently is contained in § 803.04(2)(a).
 
 
 [5]
 Duane Fagnan also could have asserted his direct action against the insurer, which Minnesota law permitted him to do in view of the existence of the Wisconsin direct action statute. Myers v. Government Employees' Insurance Company, 302 Minn. 359, 225 N.W.2d 238 (1974)