Dennis and Rose VERHEIN,
Plaintiffs-Appellants,

v.

SOUTH BEND LATHE, INC. and
Travelers Indemnity Insurance
Co., Defendants-Appellees.

No. 78–1726.

United States Court of Appeals,
Seventh Circuit.

Submitted April 4, 1979.

Decided April 24, 1979.

Edward Rudolph, Milwaukee, Wis., for plaintiffs-appellants.

Donald H. Carlson, Milwaukee, Wis., for defendants-appellees.

Before FAIRCHILD, Chief Judge, and BAUER and WOOD, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants brought this diversity action against defendant South Bend Lathe, Inc. and its insurer, defendant Travelers Indemnity Insurance Co., alleging a cause of action in strict products liability. The district court granted summary judgment for both defendants and denied plaintiffs' motion to amend the complaint to add another defendant. *Verhein v. South Bend Lathe, Inc.*, 448 F.Supp. 259 (E.D.Wis.1978). Plaintiffs appeal from the denial of leave to amend and from that part of the summary judgment granted in favor of Travelers.[1] We affirm.

### I.

According to the complaint, plaintiff Dennis Verhein was injured on May 7, 1973 when his hand was crushed in a punch press he was operating in the course of his employment. The punch press involved was a Johnson Press, made and sold to Dennis' employer in 1961 by Bontrager Corporation. In 1962, Amsted Industries, Inc. bought those assets of Bontrager needed to manufacture and market Johnson presses. The record and briefs do not establish whether Bontrager continued to exist as a corporation. Amsted made Johnson presses from 1962 to 1975 through its South Bend Lathe Division (both Amsted and its South Bend Lathe Division will be referred to as Amsted). In 1975, Amsted sold the assets necessary to make Johnson presses to LWE, Inc. LWE then changed its name to South Bend Lathe, Inc. (hereinafter SBL; references to SBL indicate this corporation and not the division of Amsted).

Having learned that SBL manufactures Johnson presses, Dennis and his wife Rose brought this products liability action on April 23, 1976. The complaint names SBL and Travelers as defendants. It alleges that SBL manufactured the press which injured Dennis and that Travelers is SBL's liability insurer and is a proper party under Wisconsin's direct action statute. After some discovery, defendants moved for summary judgment.

Defendants' motion for summary judgment was based on the fact that SBL did not make the press that injured Dennis and could not be held liable for the injury. Defendants attached the affidavit of an officer of Amsted which outlined the sequence of sales, from Bontrager to Amsted to SBL, of the assets needed to make Johnson presses. Also attached were documents showing the details of the 1975 sale from Amsted to SBL, including the contract to sell which specifically excludes the assumption by SBL of any products liability claims arising out of goods shipped before June 30, 1975. The 1962 transaction was referred to only in the affidavit, which said only that Amsted "purchased certain assets from the Bontrager Corporation, which assets included equipment necessary to make Johnson presses such as that involved in this litigation."

In response to the motion for summary judgment, plaintiffs moved for permission to amend their complaint to add Amsted as a defendant. Plaintiffs attached copies of correspondence in connection with the case which indicate that Travelers insures Amsted as well as SBL. Plaintiffs did not file, however, a proposed amended complaint alleging, or any evidence to show, how Amsted might be liable for Dennis' injuries from a press made and sold by Bontrager.

### II.

■ The district court correctly analyzed the issues presented on the motion for sum-

---

1. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument" within 14 days. No such statement has been filed. Therefore, this case has been submitted on the briefs and record, without oral argument, pursuant to Rule 2, Fed.R.App.P.

mary judgment. Evidence attached to the motion shows clearly that SBL did not make the press involved in this case. The general rule is that a corporation which purchases the assets of another corporation does not thereby assume the tort liability of the selling corporation. *Leannais v. Cincinnati, Inc.*, 565 F.2d 437, 439 (7th Cir. 1977); *Travis v. Harris Corp.*, 565 F.2d 443, 446 (7th Cir. 1977); *Forest Laboratories, Inc. v. Pillsbury Co.*, 452 F.2d 621, 625 (7th Cir. 1971). Thus, as plaintiffs concede, SBL may not be held liable and was entitled to summary judgment. And since the only theory of liability alleged in the complaint against Travelers was as SBL's insurer, Travelers was also entitled to judgment as a matter of law, unless plaintiffs could at least allege in good faith some other theory of liability.

■■ At this point plaintiffs' motion to amend their complaint must be considered. A party is free to move for leave to amend, even after a motion for summary judgment has been made by the opposing party, and the ordinary standards of Rule 15(a), Fed.R. Civ.P., apply to the court's determination whether to allow amendment, i. e., "leave shall be freely given when justice so requires." *Sherman v. Hallbauer*, 455 F.2d 1236 (5th Cir. 1972); 6 Moore's Federal Practice ¶ 56.10 (2d ed. 1976). However, such a motion is always made to the sound discretion of the district court and the court may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability, *Cohen v. Illinois Inst. of Tech.*, 581 F.2d 658 (7th Cir. 1978), or where the party moving to amend has not shown that the proposed amendment has substantial merit, 6 Moore's Federal Practice, *supra*, at pp. 171–172. Here, the district court properly denied leave to amend.

■ Plaintiffs' motion for leave· to amend sought only "to add [Amsted] as a party defendant to the action, and . . . to file and serve an Amended Summons and Amended Complaint upon [Amsted]." No proposed amended complaint was attached. And plaintiffs' brief in support of the motion for leave to amend asserted no facts to support a valid theory of liability against Amsted. That brief, and plaintiffs' reply brief, which is not in the record but is referred to in the district court's order, 448 F.Supp. at 261, did no more than speculate as to possible theories of Amsted's liability. The following statements from those briefs illustrate:

> No evidence is presented that would enable us to conclude other than that [Amsted] is *merely a continuation* of the Bontrager Corporation which originally manufactured the punch press machine. (Emphasis added.)

448 F.Supp. at 261. And:

> It is just as likely on the state of this record that BONTRAGER *merged* with AMSTED or that AMSTED *expressly agreed to become liable* for BONTRAGER's torts. (Emphasis added.)

*Id.* It is true that if plaintiffs could show any of these things, Amsted might be liable for Bontrager's manufacture of the press under one of the recognized exceptions to the rule that a corporation does not assume the tort liability of another corporation merely by purchasing its assets. *E. g., Leannais v. Cincinnati, Inc., supra*, 565 F.2d at 439. But the statements quoted above patently are mere speculation about the relationship of Amsted to Bontrager and plaintiffs alleged no facts in their papers submitted to the district court to substantiate their guesses. Since the motion for leave to amend failed to allege facts supporting a valid theory of Amsted's liability, it failed to cure the defect in the original complaint and the district court properly denied the motion. *Cohen v. Illinois Inst. of Tech., supra.*

■ On appeal, plaintiffs have raised two further issues which do not appear to have been raised before the district court.[2] First, plaintiffs appear to argue that under

---

2. As noted above, plaintiffs' reply brief on their motion for leave to amend is not in the record. Therefore it cannot be said with assurance that these issues were not raised in the district court and they will be considered.

the Wisconsin direct action statute, Wis. Stat. § 803.04(2)(a), Travelers is liable for plaintiffs' injuries, regardless of whether plaintiffs can identify the manufacturer of the punch press as Travelers' insured. That clearly is not the law. "[A]n insurance company's liability under the Wisconsin direct action statute is derivative, i. e., the 'insurer is not liable unless the assured is.' *Hunt v. Dollar*, 224 Wis. 48, 271 N.W. 405, 409 (1937)." *Fagnan v. Great Central Ins. Co.*, 577 F.2d 418, 420 (7th Cir. 1978). Under this rule, unless plaintiffs could allege a valid theory of liability of SBL or Amsted, Travelers' insureds, there is no basis upon which to hold Travelers liable. As discussed above, SBL is not liable as alleged in the complaint and plaintiffs have failed to allege a theory of Amsted's liability, so Travelers was entitled to judgment as a matter of law.

 Finally, plaintiffs suggest that Travelers may also have insured Bontrager and thus be liable for Bontrager's manufacture of the punch press. Again plaintiffs offer no facts to support this hypothesis. Thus, this latest speculation does not require granting leave to amend, *Cohen, supra*, and is insufficient to resist the motion for summary judgment, Rule 56(e), Fed.R.Civ.P.; *Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977). Plaintiffs do not even indicate whether either Bontrager or the imagined policy of insurance still exist, even if Travelers did insure Bontrager at the time the punch press was made. Travelers could only be liable to plaintiffs as insurer of Bontrager if there is a contract of insurance covering plaintiffs' injury. *Fagnan v. Great Central Ins. Co., supra*, 577 F.2d at 420. Generally, products liability insurance covers only accidents which occur during the term of the policy, *see George W. Deer & Son v. Employers Indem. Corp.*, 77 F.2d 175 (7th Cir. 1935); 3A L. Frumer & M. Friedman, Products Liability § 50.02 (1978), and in all cases the terms of the policy control, *see* 2 R. Hursh & H. Bailey, American Law of Products Liability § 13:7 (2d ed. 1974). Here, if Amsted bought all of Bontrager's assets in 1962 and Bontrager ceased to exist, as plaintiffs at times imply,

it is unlikely that any possible insurance policy continued in effect. If not, Travelers could not be held liable as Bontrager's insurer for Dennis' accident occurring in 1973. In any case, plaintiffs have not alleged the terms of an insurance policy or any other facts, either in the district court or on appeal, to support any theory of Travelers' liability as insurer of Bontrager.

Since the papers submitted on defendants' motion for summary judgment showed that Travelers was not liable under the allegations of the complaint, and since plaintiffs offered no facts to support their motion for leave to amend the complaint adding Amsted as a party defendant, the district court was correct in denying leave to amend and granting defendants' motion for summary judgment in its entirety.

Accordingly, the judgment of the district court is AFFIRMED.