947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
NORTH AMERICAN AGRICULTURAL, INCORPORATED, Plaintiff-Appellant,
v.
TULSA SCREW PRODUCTS COMPANY, also known as WEJ-IT
Corporation, Defendant-Appellee.
 No. 90-3807.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 12, 1991.
Decided Nov. 7, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff North American Agricultural, Incorporated, is an Illinois producer of large grain storage systems. It filed a diversity complaint against Tulsa Screw Products Company, doing business as WEJ-IT Corporation ("WEJ-IT"), seeking $100,000 in damages and $500,000 in punitive damages. Count I alleged that plaintiff purchased 3/8" X 3" stud anchors to use in its grain storage systems. Plaintiff further alleged that the anchor bolts were not as strong as represented and therefore caused some of plaintiff's grain storage systems to collapse when filled with grain. Count II stated that defendant's conduct also violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill.Rev.Stat. ch. 121 1/2, § 261 et seq.).
 
 Dismissal of Complaints
 
 2
 The district court filed a memorandum opinion and order dismissing the original complaint because it did not satisfy Rule 9(b) of the Federal Rules of Civil Procedure providing that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." As Judge Aspen noted, the purpose of the rule is to protect the reputation of potential defendants and apprise them of critical facts. Relying on Barnett v. Berg, 685 F.2d 1053, 1062 (8th Cir.1982), certiorari denied sub nom. Prudential Ins. Co. v. Bennett, 464 U.S. 108, the district judge concluded that plaintiff's allegations of fraud were "conclusory and unsupported by proper assertions of fact." Plaintiff's allegations were held insufficient to meet the specificity requirements of Rule 9(b) because the complaint did not provide details regarding when the misrepresentations were made nor identify who distributed the unspecified technical information misrepresenting the strength of the anchor bolts. The district judge also observed that the complaint failed to give any specifics showing that the anchor bolts were of a lesser strength than the published strength.
 
 
 3
 After WEJ-IT's motion to dismiss the complaint was granted, the plaintiff sought to file a more elaborate amended complaint containing three counts. This caused the district court to file another memorandum opinion and order denying the plaintiff's motion to vacate the judgment of dismissal and to grant it leave to file its amended complaint. Judge Aspen denied plaintiff leave to file an amended complaint in light of the tendered amended complaint's continued lack of particularity. Although the amended complaint claimed that defendant concealed that the anchor bolts were of lesser strength than stated in defendant's published technical information, the district court observed that the testing was performed by an independent third party, the U.S. Testing Company of Tulsa, Oklahoma, and plaintiff did not charge that defendant knew or should have known that the testing company's figures were false or that the bolts delivered to plaintiff did not comport with those technical specifications, thus again failing the particularity requirement of Rule 9(b).
 
 
 4
 Count III of the amended complaint asserted that there was an implied warranty that the bolts be of merchantable quality and that WEJ-IT breached that warranty. However, this count was also dismissed because the plaintiff could not recover on an implied warranty for damages caused by its own conduct. Exhibit B attached to the amended complaint showed that U.S. Testing Company listed the maximum tensile strength of these ankr-tite bolts as 5,486 pounds, whereas they admittedly failed at 3,717 pounds. This same chart showed that "one-fourth of values shown for a recommended 4 to 1 safety factor" should be used, so that any injury plaintiff suffered stemmed from its own failure to follow this directive because, as Judge Aspen explained, if "NAA used one-fourth of the values specified, it would have purchased the proper bolts--and even if those bolts were in fact only 67.8% as strong as the published figures, they would not have failed" (Plaintiff's App. 19).
 
 
 5
 Because Judge Aspen did not abuse his discretion, this Court affirms the dismissal of plaintiff's complaint and denial of leave to file a similarly flawed amended complaint.
 
 DISCUSSION
 Initial Complaint
 
 6
 The first complaint fell short of the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which provides in pertinent part: "In all averments of fraud * * * the circumstances constituting fraud * * * shall be stated with particularity." As we pointed out in DiLeo v. Ernst & Young, 901 F.2d 624, 627 (1990), a fraud complaint "must identify particular statements and acts and specify why they are fraudulent," so that conclusory allegations subject the pleader to dismissal. These standards were not met because the complaint did not show what published information plaintiff supposedly relied upon nor specify where it got the supposedly false information. The content of the misrepresentation was not even suggested, nor did the complaint point to any conduct on defendant's part showing intentional misrepresentation of the bolt's strength. Finally, the original complaint failed to allege what the difference was between the stated and actual bolt strength or why the difference was attributable to fraud. Consequently, the judgment of dismissal was proper.
 
 Amended Complaint
 
 7
 The plaintiff did not exercise its right to amend the complaint before judgment was entered even though it had a six-week period between the time that WEJ-IT filed its motion to dismiss and the order of dismissal. Therefore leave to amend need not be given as freely as before a judgment of dismissal. Twohy v. First National Bank of Chicago, 758 F.2d 1185, 1195-1196 (7th Cir.1984). After the dismissal of a complaint, the moving party must show that the proposed amendment has substantial merit. Verheim v. South Bend Lathe, Inc., 598 F.2d 1061, 1063 (7th Cir.1979). Here the facts contained in the proposed amended complaint were known to plaintiff at the time of filing the original complaint, and there was no reason to permit the filing of the amended complaint since it too could not withstand a motion to dismiss. Glick v. Koenig, 766 F.2d 265, 268 (7th Cir.1985).
 
 
 8
 The proposed amended complaint was supposedly supported by three exhibits. However, two of the exhibits show that Northern Illinois Engineering was the named purchaser of these 18,000 bolts and that U.S. Testing Company rather than defendant tested them (Plaintiff's App. 12, 13, 14). Moreover, that company attached a statement of "maximum tensile and shear values" (Exhibit B to the proposed amended complaint) which showed that if plaintiff had followed the ankr-tite bolt's usage recommendations, the damages would not have occurred. Nothing in the record shows that defendant distributed literature claiming the bolts were of a certain standard and minimum strength as plaintiff asserts (Br. 12). As the district judge stated, the amended complaint does not show that defendant had reason to know that the bolts delivered to plaintiff did not comport with the technical specifications determined by independent testing companies.
 
 
 9
 Finally, Count III of the proposed amended complaint was based on implied warranty of merchantability. However, as stated supra, the chart on which plaintiff relies stated that the purchaser of the bolts was to "use one-fourth of values shown for a recommended 4 to 1 safety factor," and plaintiff neglected to follow this directive. It was not entitled to damages because the injury was traceable to its own act rather than to any breach of warranty.
 
 
 10
 The district court's dismissal of plaintiff's original complaint and refusal to permit the filing of an equally defective amended complaint are affirmed.