998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Christopher SIMMONDS, Plaintiff-Appellant,
v.
UNITED STATES of America, Mike Hardin, and Unknown Party,
Defendants-Appellees.
 No. 92-2221.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 9, 1993.*
Decided July 15, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Christopher Simmonds, an inmate at the United States Penitentiary at Marion, Illinois, appeals from the dismissal of his pro se complaint alleging assault and battery under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., and an Eighth Amendment violation under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 2
 The complaint alleges that in 1989, plaintiff stood in his prison cell with his hands held through the cell door's food tray slot while an unnamed correctional officer handcuffed his hands, and two unnamed correctional officers supervised. Defendant Hardin ran the "lock box" which controlled the cell doors. Hardin prematurely opened plaintiff's cell door before both of his hands were cuffed. Plaintiff quickly removed his right arm from the slot, but the officer was still holding plaintiff's left arm, which became caught in the door. "The officers were also hollering for the lockbox officer to close my cell door back." The complaint alleges:
 
 
 3
 "I pulled my one free arm back into the cell, however, my left arm got caught in between the food slot and the door jam because the officer placing the handcuffs on would not let go of my left hand which was already handcuffed."
 
 
 4
 Within an hour, plaintiff's arm was examined and an x-ray revealed no broken bones. Plaintiff was treated with an ice pack and Tylenol.
 
 
 5
 Plaintiff sought an administrative remedy, and on December 26, 1989, plaintiff was sent notice of the final denial of that claim. On August 31, 1990, plaintiff filed the present suit. A magistrate judge denied plaintiff's motion for leave to amend the complaint because the proposed amended complaint also failed to state a Bivens claim.[2] The magistrate judge recommended that the tort claim be dismissed as untimely, and that the Bivens claim be dismissed for failure to allege anything beyond mere negligence. The district court adopted this recommendation and dismissed the complaint.
 
 
 6
 Plaintiff concedes that the six month statute of limitations on his federal tort claim had run when he filed his complaint eight months after the notice of final denial. See 28 U.S.C. § 2401(b).
 
 
 7
 In regard to the Bivens claim, plaintiff must allege that the conduct by the government actor was intentional punishment, not mere negligence or gross negligence. McGill v. Duckworth, 944 F.2d 344, 347-48 (7th Cir.1991), cert. denied, 112 S.Ct. 1265 (1992). In his brief, plaintiff argues that the defendants "were trying to break plaintiff's arm under the guise of a mistake!"
 
 
 8
 One man's opening the cell door from a lockbox located away from the cells, while another man held one or both of plaintiff's hands partially cuffed through the food slot, would require split-second timing carefully planned in a well-organized conspiracy with strong underlying motives to injure plaintiff's arm--none of which plaintiff alleges. Plaintiff alleges nothing more than an accident which caused little harm. Certainly there is nothing resembling a malicious and sadistic use of force to intentionally cause harm. See Hudson v. McMillian, 112 S.Ct. 995, 999 (1992) (must allege intentional, malicious and sadistic use of force). Both plaintiff's original and proposed amended complaints allege nothing more than negligence. We agree with the magistrate judge that "[n]ot even the most charitable and imaginative construction of [the] pleadings can yield a different conclusion." This applies even to the proposed amended complaint, which the district court properly denied plaintiff leave to file on the ground that it failed to allege facts which would support a valid Bivens claim. See Verhein v. South Bend Lathe, Inc., 598 F.2d 1061, 1063 (7th Cir.1979).[3] We conclude that any harm plaintiff allegedly suffered is not actionable under Bivens.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 The district court denied plaintiff's motion to file an amended complaint. That complaint alleged that the "rate of motion" of the opening cell door was "excessive" and Hardin opened the door "before being ordered to do so." He opened the cell door "at a rate of motion" which was "faster than was normal." Moreover, the guards standing by plaintiff's cell refused to let go of plaintiff's left arm because they knew the increased "rate of motion" of the cell door would cause "impending harm to plaintiff's left arm."
 
 
 [3]
 In his briefs before this court, plaintiff repeatedly quotes from a second amended complaint. No second amended complaint has been found in the record. Although the record contains a "Second Motion to Amend Complaint" and a supporting brief, no complaint is attached. Nevertheless, we have carefully reviewed the allegations plaintiff quotes at length in his briefs