Robert Anthony LEE, Plaintiff,

v.

Dr. AKTURE, et al., Defendants.

No. 92–C–1397.

United States District Court, E.D. Wisconsin.

July 16, 1993.

Robert Anthony Lee, pro se.

No appearance for defendants.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On December 31, 1992, Robert Anthony Lee, currently incarcerated at the Waupun

Correctional Facility, filed a complaint seeking redress under 42 U.S.C. § 1983 from several defendants who are associated with the Waupun Correctional Facility. Specifically, he alleged that the conditions of his confinement and the medical care that he received were violative of the Eighth Amendment. Along with the complaint, Mr. Lee filed a petition to proceed in forma pauperis.

By decision and order of January 19, 1993, Mr. Lee's petition to proceed in forma pauperis was granted to the extent that he was allowed to proceed against defendants Dr. Akture, John Doe of the Bureau of Correctional Health Services, (later identified as Dr. Thomas Malloy), and Waupun Prison Health Services Unit on his Eighth Amendment inadequate medical care claims. In addition, he was allowed to proceed against defendants Dr. Cooper and Captain Fuller on his Eighth Amendment conditions of confinement claims.

However, Mr. Lee's petition to proceed in forma pauperis was denied to the extent that he was not allowed to proceed against defendants Dr. Gomilla, Dr. Belcastle, Barbara Whitmore, Warden of Waupun Correctional Health Services and Major Jeff Smith on his Eighth Amendment claims or against Dr. Cooper on his Eighth Amendment inadequate medical care claim.

Presently before the court is Mr. Lee's motion to amend his complaint and a proposed amended complaint. The motion will be granted, in part and denied, in part.

Pursuant to his motion and nineteen-page proposed amended complaint, Mr. Lee seeks to amend his complaint to cure the deficiencies in the original complaint, add defendants to this action and add a number of new claims. Pursuant to Rule 15(a), Federal Rules of Civil procedure, after a responsive pleading has been served, the plaintiff may amend his complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision to grant or deny a motion to amend a complaint is committed to the sound discretion of the court. *Jones v. Hamelman,* 869 F.2d 1023, 1026 (7th Cir. 1989).

While Rule 15(a) provides that leave to amend shall be "freely given," the United States Supreme Court has determined that a denial of such a motion is proper when the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of amendment, futility of the amendment, . . . ." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ The court may also deny leave to amend where the proposed amendment fails to allege facts which support a valid theory of liability, or where the party moving to amend has not shown that the proposed amendment has substantial merit. *Verhein v. South Bend Lathe, Inc.,* 598 F.2d 1061, 1063 (7th Cir.1979) (citing *Cohen v. Illinois Institute of Technology,* 581 F.2d 658 (7th Cir.1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979)).

## I.  Additional Claims Against Named Defendants

### A.  Dr. Akture

Mr. Lee's first proposed amendment—designated in the proposed amended complaint as "Issue # 1" and "Issue # 2"—consists of a claim that Dr. Akture delayed sending him to an ear specialist despite his knowledge that Mr. Lee had a severe ear infection which effected his sinuses and glands. He maintains that Dr. Akture delayed the treatment in retaliation for Mr. Lee's filing of a grievance against Dr. Akture. Mr. Lee also alleges that the treatment he received from Dr. Akture for his "chest pains" was deficient to the extent that the medication prescribed did not work and that Dr. Akture failed to refer him to a specialist. (Proposed Amended Complaint, "Issue # 12.")

■ Similar to his original allegations against Dr. Akture, these proposed amendments amount to claims that Dr. Akture deprived Mr. Lee of his Eighth Amendment right to be free from cruel and unusual punishment by his failure to attend to Mr. Lee's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

L.Ed.2d 251 (1976). However, the Eighth Amendment is violated only by conduct that may be termed deliberate or reckless in the *criminal* sense; negligence, gross negligence, or even ordinary recklessness (as those terms are used in tort cases) are not actionable under § 1983 and the Eighth Amendment. *Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir.1990).

■ Generally, Mr. Lee's proposed amendments do not demonstrate that his medical needs associated with his chest pains were met with deliberate indifference by Dr. Akture. At best, Mr. Lee's allegations suggest that the care he received may have been negligent insofar as his medical needs were not acted upon in the manner that he demanded. Mere allegations of negligence in the provision of medical care do not state an arguable case for relief under the Eighth Amendment. Further, Mr. Lee fails to allege that any harm occurred as a result of the treatment he received for his chest pains. *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.), *cert. denied sub nom. Thomas v. Cannon*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). Thus, Mr. Lee will not be allowed to amend his complaint to add the claim identified in "Issue # 12" of the proposed amended complaint.

■ However, if Mr. Lee is able to prove that Dr. Akture knowingly refused to treat his ear infection in retaliation against Mr. Lee, his Eighth Amendment right to receive treatment for his serious medical needs may be found to have been violated. Thus, Mr. Lee will be allowed to amend his complaint to add the claim against Dr. Akture articulated in "Issue # 1" and "Issue # 2" of the proposed amended complaint.

### B. Dr. Thomas Malloy

Mr. Lee also seeks to add an equal protection claim against Dr. Thomas Malloy. This proposed amendment is referenced in the proposed amended complaint as "Issue # 6–Subsections # 1 and # 2," and "Issue 8". His proposed amendment alleges that Dr. Malloy "denied Mr. Lee equal protection of the law by deliberately denying plaintiff the needed surgery" on his "broken and twisted nose" because he is uninsured.

■ An equal protection claim requires discrimination because of membership in a particular class. *Wroblewski v. City of Washburn*, 965 F.2d 452, 458–59 (7th Cir. 1992). Here, liberally construing Mr. Lee's proposed amended complaint, Mr. Lee alleges that he was discriminated against with respect to his surgery because of his membership in the class of uninsured prisoners. Implicit in his allegations is his remarkable contention that insured prisoners would have received the allegedly necessary surgery. I believe that such contention is facially without merit. In non-prison circumstances, persons who are insured may receive better or more prompt medical care. In the real world, classifications of people according to their wealth is a common (and constitutionally accepted) standard in a great many areas such as the rate of income taxes payable, the determination of punitive damages, as well as in the availability and nature of one's medical care. However, Mr. Lee's bald assertion as to medical care in the prison defies logic and experience; I am not prepared to rule that differential medical treatment based on the presence or the absence of an inmate's insurance can qualify as a deprivation of a constitutional right under the equal protection clause of the Fourteenth Amendment. Mr. Lee must offer something more substantial to suggest that in the prison environment the presence or the absence of insurance controls the receipt of needed medical care.

Thus, because Mr. Lee has failed to show that his proposed equal protection claim against Dr. Malloy has substantial merit, *Verhein*, 598 F.2d at 1063, he will not be allowed to amend his complaint to add this claim.

### C. Waupun Prison Health Services Unit

Mr. Lee proposes to add two more Eighth Amendment claims against defendant Waupun Prison Health Services Unit. (Proposed Amended Complaint, "Issue # 6–Subsection # 4," "Issue # 7" and "Issue # 7–Subsection # 1.") Namely, Mr. Lee alleges that this defendant deprived him of his "right to a quick diagnosis" to the extent that the members of the unit failed to "call [him] into the

Health Services Unit the same day of his complaining about his serious illnesses." He also alleges that the Waupun Prison Health Services Unit delayed filling his prescription for his headaches for approximately one month.

Mr. Lee does not claim that he was refused medical treatment; rather, he challenges the manner in which he received the treatment. That the care he received was not as quick or as efficient as he would have desired does not, without more, raise his claims to the level of a constitutional violation. *See Holmes v. Sheahan*, 930 F.2d 1196, 1200 (7th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 423, 116 L.Ed.2d 443 (1991) (In a § 1983 action, the plaintiff must demonstrate more than mere negligence in the treatment of a medical condition.) Although Mr. Lee conclusorily asserts that the delay in the provision of his medical treatment was "deliberate," such allegation, in the absence of factual support, amounts to a bare legal conclusion. *White v. White*, 886 F.2d 721, 724 (4th Cir.1989). Despite the court's obligation to construe pro se pleadings liberally, the court need not "invent factual scenarios that cannot reasonably be inferred from the pleadings." *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 758 (7th Cir.1988).

Because Mr. Lee has not demonstrated that his amendment has substantial merit, *Verhein*, 598 F.2d at 1063, Mr. Lee will not be allowed to amend his complaint to add these claims against Waupun Prison Health Services Unit.

### D. Dr. Cooper

In his original pleading, Mr. Lee alleged that Dr. Louis Cooper and Major Jeff Smith "conspired" to keep him locked up in adjustment segregation despite the fact that he was suffering from claustrophobia in violation of the Eighth Amendment. I concluded that Mr. Lee had failed to state an arguable claim under the Eighth Amendment insofar as he had failed to allege that he suffered actual harm from the conduct of Dr. Cooper and Major Smith.

In his proposed amended pleading, Mr. Lee attempts to restate these allegations

under what he has designated as "Issue # 10" and "Issue # 10–Subsections # 1 and # 2." Despite his present attempt, the proposed amended complaint is devoid of an allegation that any harm had befallen him as a result of the alleged indifference shown by Dr. Cooper and Major Smith as to his asserted claustrophobic condition. *Thomas*, 493 F.2d at 158. Once again Mr. Lee falls short of stating an arguable claim for relief against Dr. Cooper and Major Smith; thus, his motion for leave to amend his complaint will be denied as to this claim.

### II. Additional Parties

Mr. Lee also seeks to add a number of new defendants to this action. Where a party seeks to add new parties to a lawsuit, the court must analyze the propriety of the proposed amendments under Rule 15(a), Federal Rules of Civil Procedure, and Rule 20(a), Federal Rules of Civil Procedure. Rule 20(a) provides, in part:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

### A. Dr. Belcastle and Dr. Gomilla

The allegations of the proposed amended complaint in connection with Dr. Belcastle, and Dr. Gomilla, specifically, "Issue # 4" and "Issue # 5" respectively, and the allegations of the original complaint arise out of the same series of occurrences, namely, the treatment provided to Mr. Lee for illnesses related to his sinuses, ear infection and throat infection while confined at the Waupun Correctional Institution. Mr. Lee attempted to bring Eighth Amendment claims against Dr. Belcastle and Dr. Gomilla in his original pleading, but they were rejected as legally and factually insufficient. The proposed amendments fail to cure those deficiencies.

As in his original pleading, Mr. Lee admits that these doctors provided him with treatment for the illnesses related to his sinuses but alleges that the treatment he received from them was simply not the treatment *he* demanded. Such allegations, without more, do not state an arguable claim for relief under the Eighth Amendment. While Mr. Lee may not be satisfied with the treatment prescribed for him, such disagreement with medical officials does not amount to deliberate indifference. *See Sivard v. Pulaski County*, 959 F.2d 662, 669 (7th Cir.1992) (allegations of simple medical malpractice do not create a claim for relief under the Eighth Amendment); *Campbell v. Greer*, 831 F.2d 700, 702 (7th Cir.1987) (to establish deliberate indifference, plaintiff must be able to show that the defendants realized there was imminent danger and consciously or knowingly refused to do anything about it.)

Thus, Mr. Lee has not alleged facts which support a valid theory of liability against these proposed defendants. Because his amendment would be futile, Mr. Lee's motion for leave to amend his complaint to add Dr. Belcastle and Dr. Gomilla will be denied.

### B. Major Jeff Smith

The allegations against Major Smith arise out of the Eighth Amendment conditions of confinement claim identified in his original pleading which is the subject of this action. Rule 20(a), Federal Rules of Civil Procedure. Mr. Lee's action presently includes a claim that Dr. Cooper and Captain Fuller conspired to confine him to a cell for thirty hours without clothing other than a pair of boxer shorts despite the fact that the temperature in the cell was below zero.

In his proposed amended complaint, Mr. Lee alleges that Major Smith participated in the conspiracy along with Dr. Cooper and Captain Fuller. In particular, he maintains that Major Smith, at the direction of Captain Fuller, actually placed him in the freezing cell without clothes or blankets. (Proposed Amended Complaint, "Issue # 10–Subsection # 3.") If Mr. Lee's allegations against Major Smith are proved, he has stated an arguable claim that Major Smith had a role in depriving him of his Eighth Amend-

ment rights. Therefore, Mr. Lee's motion for leave to amend his complaint to add Major Smith as a defendant will be granted.

### C. Remaining Parties and Claims

It is unclear from Mr. Lee's submissions what his intentions are as to the remainder of his proposed amended complaint. The remaining allegations which are identified in "Issue # 3," "Issue # 6–Subsection # 3," "Issue # 9," "Issue # 9–Subsections # 1–# 4," "Issue # 11" and "Issue # 13" reference—by the court's count—eleven new parties and four new claims. Whether Mr. Lee seeks leave to add each of the eleven persons is not made clear in the proposed amended complaint or in the motion for leave to amend.

Nonetheless, Mr. Lee's undisclosed intentions are of no consequence because the allegations against each of the eleven persons are unrelated to the Eighth Amendment conditions of confinement and inadequate medical care claims which are the basis of this lawsuit. For example, the accusations against the eleven persons include the following: (1) that Mr. Lee was placed in temporary lock-up and was denied a hearing ("Issue # 9" and "Issue # 9–Subsection # 2"); (2) that evidence was destroyed by various prison personnel in order to keep him in temporary lock-up ("Issue # 9–Subsection # 1); (3) that Mr. Lee's right to "practice and study" his religious beliefs was violated when his religious literature was seized by some of the named persons ("Issue # 11," "Issue # 11–Subsection # 1"); (4) that he was held in temporary lock-up beyond the time limits set forth by the Department of Corrections ("Issue # 13").

Accordingly, because the claims asserted against the eleven persons do not "arise out of the same transaction or occurrence or series of transactions or occurrences," Rule 20(a), Federal Rules of Civil Procedure, Mr. Lee will not be allowed to add any of these eleven persons as defendants in this action. Furthermore, the contentions contained in "Issue # 3" of the proposed amended complaint are merely a restatement of the claim initially raised in Mr. Lee's original pleading

against Dr. Akture upon which Mr. Lee is already proceeding.

For these reasons, Mr. Lee's motion to amend his complaint will be denied to the extent that he wishes to add the persons and claims designated in "Issue 3," "Issue #6–Subsection #3," "Issue #9," "Issue #9–Subsections #1–#4," "Issue #11," "Issue #11–Subsection #1" and "Issue #13."

### III. Conclusion

The United States Marshal will be directed to serve a copy of the amended complaint, the summons and this order upon defendants Dr. Akture and Major Smith. As a result of a clerical error, it appears that the original complaint was never served upon defendant Dr. Malloy. Thus, the United States Marshal will also be directed to serve a summons, a copy of the original complaint and the decision and order of January 19, 1993, upon Dr. Malloy.

### ORDER

Therefore, IT IS ORDERED that the plaintiff's motion for leave to amend the complaint be and hereby is granted to the extent that it seeks to add a new claim against defendant Dr. Akture, as articulated in "Issue #1" and "Issue #2" of the amended complaint.

IT IS ALSO ORDERED that the plaintiff's motion for leave to amend the complaint be and hereby is granted to the extent that it seeks to add Major Jeff Smith as a defendant, as specified in "Issue #10–Subsection #3" of the amended complaint.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to amend the complaint be and hereby is denied in all other respects.