**HK SYSTEMS, INC., Plaintiff,**

v.

**RAPISTAN DEMAG CORP., Defendant.**

No. 96–C–381.

United States District Court,
E.D. Wisconsin.

Sept. 15, 1997.

Andrew J. Nilles, Nilles & Nilles, S.C., Milwaukee, WI, for Plaintiff.

Daniel Van Dyke, Van Dyke, Gardner, Linn & Burkhart, L.L.P., Grand Rapids, MI, for Defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, HK Systems, Inc. ["HK"], filed this patent infringement action against Rapistan Demag Corp. ["Rapistan"] on April 3, 1996. HK alleges in its July 15, 1996, amended complaint that Rapistan, by developing an automated guided vehicle system, infringed upon U.S. Patent No. 5,281,901 [the

"901 patent"] owned by HK. Rapistan argues that there is no infringement and that the claims of the 901 patent are invalid.

Presently before the court is HK's motion for leave to amend its pleading to add a count of infringement of a newly issued patent—U.S. Letters Patent 5,650,703 [the "703 patent"]. According to HK, the 703 patent was issued to HK on July 22, 1997, and relates to the automated guided vehicle system which is the subject of the 901 patent.

■ Rule 15(a), Federal Rules of Civil Procedure, provides that courts should freely permit a plaintiff to amend its pleadings where there is no harm to the defendant. The court of appeals for the seventh circuit has instructed that courts should generally allow such amendments unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir.1993) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). It is also proper for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *Dussouy v. Gulf Coast Investment Corporation,* 660 F.2d 594, 598 (5th Cir.1981). Whether to grant a motion to amend a pleading is within a court's discretion. *Goulding v. Feinglass,* 811 F.2d 1099, 1103 (7th Cir.), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3215, 96 L.Ed.2d 701 (1987) (citing *Verhein v. South Bend Lathe, Inc.,* 598 F.2d 1061 (7th Cir.1979)).

■ HK argues that it should be permitted to amend its complaint to add a claim of infringement of the 703 patent because such an amendment is in the interests of judicial economy. According to HK, litigating the claims as to the 901 patent and the 703 patent is economical because:

> [t]he accused devices are the same, the basic technology is the same, the same parties are involved, and the same alleged infringing actions are presented. Discovery has not come to a close and it is anticipated that any additional discovery

necessitated by inclusion of claims directed to the '703 patent can be conducted concurrently with discovery on the '901 patent.

In addition, HK insists that its motion to amend is timely as it was filed within days of the date that the 703 patent was issued.

Rapistan opposes the requested amendment to the complaint on numerous grounds: (1) it is inappropriate in light of HK's withholding of relevant evidence; (2) Rapistan is seeking reexamination of the 703 patent such that any claims related to the 703 patent may be rendered moot; and (3) amendment will unduly delay the present litigation to the defendant's prejudice. None of Rapistan's objections are persuasive.

Rapistan points to no cogent evidence to support its conclusory assertion that it will suffer prejudice if HK is allowed to amend its complaint to add a claim that the 703 patent was infringed. Rapistan's assertion that the proposed amendment should not be allowed because the United States Patent and Trademark Office may grant Rapistan's request for reexamination of the patent and may reverse its issuance of the 703 patent is purely speculative. Rapistan has not demonstrated that it has, in fact, even filed a request for reexamination of the patent.

Moreover, the fact that there may be issues concerning the propriety of the issuance of the 703 patent is not a proper ground on which to prevent HK from including an infringement claim based on the 703 patent in this lawsuit. This is so because Rapistan is entitled to raise the validity of the 703 patent as a defense in this action.

Rapistan also argues that HK should not be allowed to amend its complaint as a sanction for failure to disclose, in the course of discovery, documents relating to its application for the 703 patent. Specifically, on October 4, 1996, Rapistan served requests for the production of documents which, in turn, had sought materials relating to any pending patent applications which contained "any claims that Plaintiff asserts would be infringed by Defendant's accused activities were such claims issued." (Rapistan's Memorandum in Opposition to Motion to Amend, p. 3) HK responded, in part:

Objected to as calling for privileged attorney-client communications and/or attorney work product. Objected to as calling for information not likely to lead to the discovery of admissible evidence. It would serve no useful purpose in this litigation to provide Rapistan with the claims in any HK patent application which have not yet been allowed. Subject to the objections, HK will produce any pending patent applications once they issue as patents.

(Rapistan's Memorandum in Opposition to Motion to Amend, pp. 3–4.) According to Rapistan, "Plaintiff's above-stated objections were disingenuous, and Plaintiff's failure to comply with F.R.C.P. 26(e) should estop Plaintiff from now asserting the 703 Patent in this suit." (Rapistan's Memorandum in Opposition to Motion to Amend, p. 4.) I disagree.

Rapistan did not object to HK's response to its request for the production of documents which had been served on Rapistan over eight months ago. If Rapistan was not satisfied with HK's responses and wished to raise objections it should have done so at that time not eight months later in its opposition to HK's motion to amend. Further, contrary to Rapistan's contention, HK's response that it would produce any relevant documents "once [any patent applications] issue as patents" would not seem to be "disingenuous" since no such patents had been issued at the time of HK's response.

That HK has not yet supplied the requested documents despite the 703 patent being issued on July 22, 1997, is also not a reason to preclude amendment. The patent was issued only two months ago, and the discovery deadline has not yet expired. Moreover, HK contends, without opposition, that it produced the 703 patent application and "all prior art references cited during prosecution" when the 703 patent issued.

Because there has been no showing of prejudice to the defendant, bad faith or dilatory motive, I will grant HK's motion for leave to amend its complaint. HK will be directed to serve and file its amended complaint within 14 days from the date of this decision and order.

Therefore, IT IS ORDERED that HK's "Motion to Amend the Pleadings" be and hereby is granted.

IT IS ALSO ORDERED that HK be and hereby is directed to serve and file its amended complaint within 14 days from the date of this decision and order.