**C.D.S. DIVERSIFIED, INC., a corporation of the State of New York, Claude Shipman and Roland Davis, Plaintiffs,**

**v.**

**FRANCHISE FINANCE CORPORATION OF AMERICA, Ticor Title Insurance Company, United Guaranty Insurance Company and FFCA/IIP 1985 Property Company, Defendants.**

**No. CV–89–2887(ADS).**

United States District Court, E.D. New York.

March 4, 1991.

OPINION AND ORDER

SPATT, District Judge.

May the Court assert pendent-party jurisdiction over a defendant in a diversity action when the amount in controversy on the claim asserted against that defendant is concededly below the requisite jurisdictional amount?

For the reasons that follow, this Court is of the view that it may not.

## I. FACTUAL BACKGROUND

The following facts are derived from the plaintiffs' amended complaint:

Plaintiff C.D.S. Diversified, Inc. ("CDS"), is a New York corporation having its principal place of business in the State of New York. The defendant Ticor Title Insurance Company ("Ticor"), is organized under the laws of California, and maintains its principal place of business in Arizona. Concededly, there is complete diversity of citizenship among all of the parties.

On February 9, 1987, CDS entered into a sale/leaseback agreement with the defendant FFCA/IIP 1985 Property Company ("FFCA")[1] in connection with property located at 957 Marcy Avenue, Brooklyn, New York, operated as a Burger King restaurant. The agreement provided that FFCA was to purchase all real property and equipment and, in turn, lease it back to CDS for a period of eight to twenty years.

As a condition of entering into this sale/leaseback arrangement, CDS was required to obtain a rent insurance policy with the defendant United Guaranty Insurance Company ("United Guaranty"), to insure rental payments to FFCA for a period of ten years. In addition, CDS was required to post an $80,000 letter of credit as a further guaranty of rent. Finally, CDS was required to deposit approximately $36,-000[2] in escrow with Ticor for renovation and/or repair expenses.

Bythewood & Associates, Garden City, N.Y. (Norman St. George–Henry, of counsel), for plaintiffs.

Kutak Rock & Campbell, Washington, D.C. (Jill A. Pietrowski, F. Joseph Warin, of counsel), for defendant Ticor Title Ins. Co. of California.

---

1. Defendant FFCA/IIP 1985 Property Company is a Delaware general partnership, of which defendant Franchise Finance Corporation of America is a general partner. These defendants will be collectively referred to as "FFCA".

2. The precise amount appears disputed. The amended complaint itself is internally inconsistent, in that it alleges that Ticor held either "approximately $35,000" or "$36,000" in escrow (*compare* Amended Complaint ¶ 12, *with*

Ticor acted as the title insurer as well as escrow agent for the sale/leaseback transaction.

CDS satisfied these conditions, except admittedly failed to pay the September 1988 rental payment of $12,135.42 owed to FFCA. As a result, FFCA terminated the lease for non-payment. Although FFCA did not collect the rent under the insurance policy with United Guaranty, it did collect on the letter of credit from Guardian Bank. In addition, Ticor released the $36,000 that was held in escrow to FFCA.

## II. PROCEDURAL SETTING

The plaintiffs commenced this action in August 1989 against FFCA, Ticor and United Guaranty,[3] alleging seven causes of action, including wrongful termination of the lease, conversion, fraud and breach of contract. Federal jurisdiction is predicated on diversity of citizenship (*see* Amended Complaint at p. 1; *see also* 28 U.S.C. § 1332).

The plaintiffs' seventh cause of action is against Ticor for allegedly converting the plaintiffs' $36,000 which was held in escrow (*see* Amended Complaint ¶¶ 77–85). The plaintiffs also allege that Ticor conspired with FFCA in converting this amount. This is the only cause of action alleged against Ticor.

Defendant Ticor now moves pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss for lack of subject matter jurisdiction, since the amount in controversy does not exceed the required jurisdictional amount, namely, $50,000.

In opposition, the plaintiffs do not dispute that the amount in controversy is below the required jurisdictional amount. Rather, the plaintiffs "cross-move", requesting the Court to exercise pendent jurisdiction over the claim against Ticor.

## III. DISCUSSION

### Pendent Jurisdiction, Generally:

■■■ Pendent jurisdiction involves additional claims asserted by the plaintiff which have no independent basis for federal jurisdiction (*see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 [1966]). Under *Gibbs*, if a federal claim is sufficient to confer subject matter jurisdiction over a controversy, then it is discretionary for a court to exercise jurisdiction over state-law claims that do not have an independent basis for jurisdiction, so long as the state and federal claims "derive from a common nucleus of operative fact" (*United Mine Workers of Am. v. Gibbs, supra*, 383 U.S. at p. 725, 86 S.Ct. at p. 1138).

"Pendent-party" jurisdiction refers to "the joining of additional *parties* with respect to whom there is no independent basis of federal jurisdiction" (*Aldinger v. Howard*, 427 U.S. 1, 6, 96 S.Ct. 2413, 2416, 49 L.Ed.2d 276 [1976]; *see also Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 [1989]).

### Effect of Finley v. United States:

In *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), the Supreme Court specifically held that in an action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), a District Court may not exercise "pendent-party" jurisdiction over a related state-law claim by the plaintiff against a defendant over whom no independent basis for federal jurisdiction exists. That is, if no "federal question" or "diversity" jurisdiction exists with respect to the claims asserted against that party, the Court cannot exercise pendent-party jurisdiction.

Although *Finley* did not totally eliminate pendent-party jurisdiction (*see, e.g., Roco*

---

Amended Complaint ¶¶ 78–82, 85). In an affidavit in support of Ticor's motion, it is stated that Ticor withheld $31,000 (*see* Bulava Aff't ¶ 7). Finally, in the plaintiffs' papers in opposition to Ticor's motion and in support of plaintiffs' cross-motion, it is alleged that $36,000 was deposited in escrow with Ticor (Plaintiffs' Memorandum of Law in Support of Cross Motion at p. 3). The exact amount, however, is immaterial to the issues presented by these cross-motions since, in any event, the total sum is less than $50,000.

3. By stipulation "so ordered" by Judge Mark A. Costantino on November 28, 1989, the action was dismissed in its entirety against United Guaranty.

*Carriers, Ltd. v. M/V Nurnberg Express,* 899 F.2d 1292 [2d Cir.1990] ["pendent party jurisdiction is available in the unique area of admiralty"]), it expressly did so with respect to claims asserted under the FTCA (*see Associated Dry Goods Corp. v. Towers Financial Corp.,* 920 F.2d 1121, 1125 [2d Cir.1990]; *cf. Lee v. Transportation Communications Union,* 734 F.Supp. 578, 581 [E.D.N.Y.1990] [no pendent-party jurisdiction in action brought under the FELA]).

*"Supplemental Jurisdiction" Under 28 U.S.C. § 1367:*

President Bush recently signed into law the Judicial Improvements Act of 1990, Pub.L. 101–650, which made major changes in federal jurisdiction and practice. In particular, Congress codified "ancillary" and "pendent" jurisdiction under the caption of "supplemental jurisdiction" (*see* Pub.L. 101–650, § 310, 28 U.S.C. § 1367). Significantly, the new section 1367 effectively overrules *Finley, supra,* since it provides that the District Courts have "supplemental jurisdiction" over claims and also "shall include claims that involve the joinder or intervention of additional parties" (28 U.S.C. § 1367[a]; *see also* Mengler, Burbank & Rowe, *Recent Federal Court Legislation Made Some Noteworthy Changes,* The National L.J., Dec. 31, 1990 ["Sec. 1367 essentially restores a federal district court's authority over supplemental claims to its status before *Finley* "]).

Subdivision (b), however, restricts the use of "supplemental jurisdiction" in diversity cases, as was held in prior case law, by providing as follows:

"(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

■ This section clearly bars exercising jurisdiction over the claim against Ticor. Section 1367, however, expressly applies to actions commenced "on or after the date of the enactment of this Act", which is December 1, 1990 (Pub.L. 101–650, § 310[c]). Thus, by its terms, the statute is inapplicable to actions commenced before December 1, 1990. Although section 1367 is inapplicable to actions commenced before December 1, 1990, one commentator has noted that "it would not be surprising to see a court applying some of the intent underlying the new statute" (D. Siegel, *New York State Law Digest,* No. 374 [Feb.1991]). Thus, while the effective date of the statute renders it inapplicable to this case, the Court notes that with regard to pendent jurisdiction in diversity actions as opposed to "federal question" cases, the legislature simply codified and made clear, existing case law.

Prior to the enactment of 28 U.S.C. § 1367, the Supreme Court in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), stated in the context of a class action that "multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement for suit in federal courts" (414 U.S. at p. 294, 94 S.Ct. at p. 508). The Court refused to allow plaintiffs who did not meet the required jurisdictional amount to assert claims pendent to jurisdictionally sufficient claims asserted by other plaintiffs.

In *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Supreme Court held in a diversity action, that section 1332 does not permit the exercise of pendent jurisdiction over a defendant who is not of diverse citizenship, even if the claim asserted against the non-diverse defendant satisfies the *Gibbs* analysis (437 U.S. at p. 373, 98 S.Ct. at p. 2402).

■ In light of *Zahn* and *Owen Equipment,* it has been observed that pendent-party jurisdiction is no longer viable under the current state of the law in a case where the amount in controversy is below the required jurisdictional amount or where di-

versity of citizenship is absent (*see* 3A *Moore's Federal Practice* ¶ 20.07[5.–2] [2d ed. 1990]). Accordingly, even apart from the new section 1367, pendent-party jurisdiction was held inapplicable to diversity actions under section 1332. As such, it appears that the Court does not have the power to exercise discretion in entertaining the claim asserted against Ticor.

The Court also notes that the claim against Ticor for the $36,000 in this case is wholly separate and apart from any of the other claims. The only claim asserted against Ticor is the seventh cause of action. Liability as to the other causes of action is not joint and several with Ticor. Thus, even if this Court had the power to exercise pendent-party jurisdiction over this claim, in its discretion, the Court would decline to do so under the circumstances presented in this case.

### IV. CONCLUSION

For the reasons set forth above, the motion of the defendant Ticor Title Insurance Company to dismiss for lack of subject matter jurisdiction pursuant to Fed.R. Civ.P. 12(b)(1) and (h)(3), is granted. The complaint is therefore dismissed as against the defendant Ticor Title Insurance Company.

SO ORDERED.