**In re W.J. SERVICES, INC., Debtor.**

**Wood F. & Mary L. JONES
and W.J. Services**

**v.**

**Larry D. WOODY.**

**Bankruptcy No. 86–07048–G4–7.**
**Adv. No. 91–0159.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Jan. 10, 1992.

## MEMORANDUM AND OPINION

WILLIAM R. GREENDYKE,
Bankruptcy Judge.

Pending before the Court are the Defendant's Motion for Summary Judgement, or, alternatively, Motion for Dismissal under Rule 12(b)(6) and/or 12(b)(7) and/or Rule 9(b) of the Federal Rules of Civil Procedure. Having considered the Plaintiff's objections, the Defendant's response, and the applicable law, the Court is of the opinion that the Defendant's Motion for Dismissal should be granted.

## I. THE RELEVANT FACTUAL BACKGROUND

On August 5, 1986, W.J. Services, Inc. ("W.J. Services") filed a voluntary Chapter 11 petition. Subsequently, its owners Wood F. Jones and Mary L. Jones ("Jones") filed their voluntary Chapter 11 petition in September 1986. The defendant, Larry D. Woody ("Woody"), initially represented both debtors. Woody filed a wrongful sequestration suit against a creditor of W.J. Services. After a dispute arose over a proposed settlement of the suit and a potential conflict of interest arose, Woody withdrew as counsel for the Jones.

On December 4, 1987, W.J. Services' Chapter 11 case was converted to a Chap-

ter 7 case where it is still being litigated. A hearing on February 2, 1990 was held on Woody's application for allowance of attorney's fees for work done in the W.J. Services case. This court orally made initial findings of fact and allowed the disputed attorney's fees, less a small amount of duplicative charges.

The Jones' Chapter 11 .case was dismissed on February 6, 1991. While the dismissal was on appeal, the Jones' filed a suit in state court against their former bankruptcy attorney on February 8, 1991. W.J. Services joined in the suit as a plaintiff and made claims of negligence, professional malpractice, Texas Deceptive Trade Practice Act violations, civil conspiracy and fraud.

On March 7, 1991, Woody filed an application to remove the malpractice action to the bankruptcy court. Defendant Woody then moved for Summary Judgement or Dismissal, claiming that all the alleged causes of action have previously been litigated or were waived by hearing in the bankruptcy courts and that res judicata or collateral estoppel bars the retrial of issues once litigated in the bankruptcy court.

## II. DISCUSSION

■ The Court first directs its attention to the question of its jurisdiction over the removed state lawsuit since two of the parties are no longer in bankruptcy. The Supreme Court held that if the state and federal claim originates from a "common nucleus of operative fact", then federal courts have power to hear the whole case. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 1131, 16 L.Ed.2d 218 (1966). In *Finley v. U.S.*, 490 U.S. 545, 109 S.Ct. 2003, 2011, 104 L.Ed.2d 593 (1989), the Supreme Court narrowed this view by holding that a grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims.

Since *Finley*, Congress has amended its legislation so that "the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction

that they form part of the same case or controversy ... Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Two courts, for example, have used the newly enacted statute to overcome the narrow view of *Finley*. *C.D.S. Diversified, Inc. v. Franchise Finance Corp.*, 757 F.Supp. 202 (E.D.N.Y.1991); *Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594 (S.D.Fla.1991). Pursuant to 28 U.S.C. § 151, the bankruptcy court is a unit of the district court. Under 28 U.S.C. § 1367(a), the bankruptcy court has supplemental jurisdiction over claims that form the same case or controversy.

Plaintiff argues that a determination of attorney's fees is not the same case as a determination of malpractice. However, as the essential facts in both actions are based on the quality, reasonableness and necessity of the defendant's work, the same rationale as *In the Matter of Howe*, 913 F.2d 1138 (5th Cir.1990), leads to the conclusion that the state action forms part of the same case or controversy with the bankruptcy case attorney's fee litigation. Accordingly, this Court has the supplemental jurisdiction to hear the removed state court claim.

■ Interim awards of attorney's fees are interlocutory and therefore, not immediately appealable as a matter of right under 28 U.S.C. § 158(a). *Matter of Evangeline Refining Co.*, 890 F.2d 1312 (5th Cir. 1989). However, an order for interim allowance in an ongoing bankruptcy proceeding can constitute a final judgement, order or decree appealable under 28 U.S.C. § 1293(b), where the attorneys for the debtors had been discharged from further representation. *In re Dahlquist*, 751 F.2d 295, 297 (8th Cir.1985); *In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir.1983).

■ In the present case, this Court examined the reasonableness and necessity for the fees and services of Woody after his discharge as the Debtors' counsel. Based upon the foregoing, the order allow-

ing attorney's fees is final and subject to the doctrine of res judicata.

Final orders of the bankruptcy court are res judicata of all matters that were or could have been litigated before the Court. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 377, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Where the plaintiff had raised an identical claim in the bankruptcy court, which was decided adversely to it on the merits, the action was barred by res judicata. *In the Matter of Musto Co.*, 477 F.Supp. 1172 (D.Mass.1979). Res judicata prevent parties from relitigating issues that could have been raised in a previous proceeding in which a final order was entered by the bankruptcy court. *In re Little*, 126 B.R. 861, 865 (Bankr.N.D.Miss.1991).

Successful application of res judicata requires a showing of: (1) the parties must be identical in both suits; (2) the prior judgement must have been rendered by a court of competent jurisdiction; (3) there must have been a final judgement on the merits; and (4) the same causes of action must be involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir.1983) (en banc). While no material contentions exist as to the first three issues, the resolution of the instant case depends on whether or not the causes of action previously litigated in the attorney's fee hearing are identical to the ones in the present proceeding.

In determining whether two causes of action are the same claim, the Fifth Circuit adopted the "transactional" test. *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983) (en banc). The Fifth Circuit's version of the transactional test holds that a party may not avoid the preclusive effect of res judicata by asserting a new theory or a different remedy; that the nucleus of facts define the claim rather than legal theory posed or recovery sought. *In the Matter of Howe*, 913 F.2d 1138, 1139 (5th Cir.1990).

The facts upon which the *Howe* court applied the preclusive doctrine of res judicata are similar to the facts in the instant case. In *Howe*, the debtor's chapter 11 reorganization plan was confirmed by the bankruptcy court. Approximately five years after the confirmation of the plan, the Howes brought a lender liability action against its former principal creditor. The Howes claimed violation of fiduciary and contractual duties, Louisiana securities laws, and state law fraud. The defendants removed the case to federal court, by reference heard in the bankruptcy court. The bankruptcy court dismissed the claim as barred by res judicata after finding that the Howes not only had the opportunity to bring the present claims but the obligation to do so as every facet of the loan was the subject of litigation and negotiation in the bankruptcy case. *Id.* at 1147.

In a similar setting, the Fifth Circuit held that a district court's order confirming a Trustee's sale of Southmark's property barred the debtor's later claim that the creditor engaged in fraudulent and extortionate activities leading to that sale. The court noted that a common nucleus of operative facts informed the district court's order approving the reorganization sale, and the debtor's subsequent claim that the creditor's activities caused the sale were barred. *Southmark Properties v. Charles House Corp.*, 742 F.2d 862 (5th Cir.1984). In the instant case, the plaintiff was under a duty to bring up facts relevant to the quality, reasonableness and necessity of the defendant's work in the hearing on the application for allowance of attorney's fees.

The determination of a reasonable attorney's fee is a three step process for the Bankruptcy Judge: 1) ascertain the nature and extent of the services supplied by the attorney; 2) assess the value of the services; and 3) explain briefly the findings and the reasons upon which the award is based. *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1299 (5th Cir. 1977). The bankruptcy court is obligated to rule independently on applications for attorney's fees even if those fees are consented to by all interested and affected parties. *Matter of Davison*, 79 B.R. 859, 860 (Bankr.W.D.Mo.1987). The authorities agree that misconduct of counsel consti-

tutes a sufficient reason for denying any and all attorney's fees to applicant counsel. *Id.* at 861. Courts have repeatedly used fee denial as the most effective weapon against malpractice. *3A Collier on Bankruptcy* ¶ 62.05, p. 1431 (14th ed. 1975).

An award of attorney's fees is necessarily based on the determination that the attorney reasonably expended time in advocacy of a position. *In re Spillane*, 884 F.2d 642, 648 (1st Cir.1989). A judge is presumed knowledgeable as to the fees charged by attorneys in general and as to the quality of legal work presented to him by particular attorneys; these presumptions obviate the need for expert testimony such as might establish the value of services rendered by doctors or engineers. *Lindy Bros. Builders of Philadelphia v. American R & S San. Corp.*, 487 F.2d 161, 169 (3d Cir.1973). Applying the foregoing principles to the instant facts, the bankruptcy court's order for fee payment, despite active litigation, is a determination that the services provided are reasonable and sufficient to receive an award of attorney's fees, thus, implicitly a finding that malpractice has not occurred.

## III. CONCLUSION

In the present case, the Plaintiffs had an adequate opportunity to present their claims to the bankruptcy court, where the contested issue was decided against them. Plaintiffs had another opportunity to present their claims by appealing this Court's order to the District Court, but failed to avail themselves of this right. The plaintiffs were under a duty to bring up facts relevant to the quality, reasonableness and necessity of the defendant's work in the hearings on the application for allowance of attorney's fees. The long standing doctrine of res judicata should apply against allowing plaintiffs to have their claims adjudicated once again in another court.

Defendant's Motion for Dismissal shall be granted and the related Adversary Pro-

ceeding dismissed under a separate form of order signed this date.