958 F.2d 370
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas C. WOOD; Diane L. Wood, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant & Third Party Plaintiff-Appellee,
v.
Ralph M. PARSONS; AAR ASSOCIATES, INCORPORATED, Third Party
Defendants-Appellees.
 No. 91-3050.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 9, 1991
Decided: March 27, 1992
 
 Alan M. Perlman, Silver Spring, Maryland, for Appellants.
 Richard D. Bennett, United States Attorney, Christopher B. Mead, Assistant United States Attorney, Baltimore, Maryland; A. Wayne Lalle, Jr., Linda Fleming McGhee, Graham And James, Washington, D.C.; Thomas Patrick Ryan, Mccarthy, Wilson & Ethridge, Rockville, Maryland, for Appellees.
 Before WILKINSON and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Douglas C. and Diane L. Wood appeal from the district court's order dismissing without prejudice their action against the United States due to a pending state action arising out of the same facts. This Court reviews dismissals of federal actions because of parallel state actions under an abuse of discretion standard. Moses H. Cone Memorial Hospital v. Mercury, 460 U.S. 1, 19 (1983). Because we find that the district court abused its discretion in dismissing the action, we vacate and remand.
 
 
 2
 In 1990, the Woods filed a complaint against the United States under the Federal Tort Claims Act, alleging that the government's negligence had caused Mr. Wood to be injured when he was working for a subcontractor on a construction site at Fort Meade, Maryland. The government filed third party claims against the general contractor, the Ralph M. Parsons Company ("Parsons"), and a subcontractor, A.A.R. Associates, Inc. ("AAR").
 
 
 3
 During a telephone status conference, the Woods informed the district court judge that they had an action pending in Maryland state court against AAR arising out of the same incident. The judge would not permit the Woods to proceed simultaneously in federal and state court and required them to choose which action had priority. Denying the Woods' motion for reconsideration in which they asked the court either to allow them to proceed with both actions simultaneously or to stay the federal action pending the conclusion of the state action, the district court dismissed the federal action. The Woods filed a timely appeal.
 
 
 4
 The Supreme Court has established three doctrines under which a federal court may postpone or decline to exercise its jurisdiction.[1] None of those doctrines apply in this case. In Colorado River Water Conservation District v. United States, 442 U.S. 800 (1976), the Supreme Court determined that even when none of the abstention doctrines apply, in special circumstances, a federal court still may refrain from hearing a case when there is a concurrent state proceeding.
 
 
 5
 A pending state court action does not bar federal proceedings concerning the same subject matter. Id. at 817; Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991). Instead, a court's decision to dismiss or stay a federal action pursuant to Colorado River depends "on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16 (emphasis added). Without establishing a rigid test, the Supreme Court listed several factors a court may consider, including: (1) the right of the first court assuming jurisdiction over property to exercise that jurisdiction to the exclusion of other courts; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the concurrent forums obtained jurisdiction. Colorado River, 442 U.S. at 818-19; Moses H. Cone, 460 U.S. at 15. In this case, the balance of factors indicates there are no exceptional circumstances justifying dismissal of the Woods' federal case.
 
 
 6
 The first two Colorado River factors do not weigh in favor of dismissal because neither court assumed jurisdiction over any property and there were no claims that the federal forum was less convenient to the parties than the state forum.
 
 
 7
 The third factor, the interest in avoiding piecemeal litigation, also does not support dismissal in this case because neither the state action nor the federal action could resolve all the issues between the parties. The Woods brought their federal action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq. They could not have sued the United States in state court. In addition, at the time this action was brought no pendent party jurisdiction existed over defendants for whom no independent jurisdiction existed. Finley v. United States, 490 U.S. 545 (1989).[2] No diversity of citizenship exists between the Woods and AAR and there is no federal question in the Woods' claims against AAR. Thus, the Woods could not have sued AAR in federal court. Furthermore, by dismissing the Woods' FTCA action against the United States, the district court essentially restricted the Woods to proceeding only against AAR, because the statute of limitations will preclude the Woods from refiling a new FTCA action by the time the state action against AAR has been resolved.[3] Finally, the order in which the concurrent forums obtained jurisdiction does not justify dismissal even though the Woods filed their state action before their federal action. When considering whether refraining from hearing a case is appropriate, courts "must look not only to the formal filing sequence but also ... [to] 'how much progress has been made in the two actions.' " Gordon v. Luksch, 887 F.2d 496, 498 (4th Cir. 1989), quoting Moses H. Cone, 460 U.S. at 21. Although the record is unclear regarding progress on pretrial matters such as discovery, the state trial is not scheduled to begin until early 1992. Thus the fact that the state action was filed first does not justify dismissal of the federal action. Furthermore, the issue of the government's liability for Mr. Wood's injuries is not before the state court, so even if that case had progressed far there would be no reason for the federal district court to refrain from exercising jurisdiction over the Woods' claims against the United States.
 
 
 8
 "When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." Moses H. Cone, 460 U.S. at 28. Here, the state action will not be an adequate vehicle for complete resolution of the parties' claims because the Woods' cause of action against the United States under the FTCA is within the exclusive jurisdiction of the federal courts.
 
 
 9
 Under these circumstances, the district court abused its discretion by dismissing the federal action. We therefore vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 Abstention is appropriate (1) where "a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law," (2) where difficult questions of state law have been presented concerning important policy problems which transcend the result in the case before the federal court, and (3) "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." Colorado River Water Conservation District v. United States, 424 U.S. 800, 814, 816 (1976) (citations omitted)
 
 
 [2]
 Since commencement of this action, Congress has passed the Judicial Improvements Act of 1990, Pub. L. 101-650. The Judicial Improvements Act effectively overrules Finley, as it provides that district courts have "supplemental jurisdiction" over "all other claims that are so related ... that they form part of the same case or controversy," including claims involving "the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). This provision does not apply where original jurisdiction is based solely on the diversity of the parties. 28 U.S.C. § 1367(b). Since this case involves the FTCA, pendent party jurisdiction would have attached over AAR in the federal court had this action commenced on or after December 1, 1990, when the Judicial Improvements Act became effective. See C.D.S. Diversified v. Franchise Finance Corp., 757 F. Supp. 202, 205 (E.D.N.Y. 1991)
 
 
 [3]
 28 U.S.C. § 2401(b) provides:
 A tort claim action against the United States shall be forever barred unless it is presented ... within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of a claim by the agency to which it was presented. The Woods' July 5, 1990 complaint was filed within the six month deadline, but if they are forced to refile after the completion of the state litigation, the new complaint will be untimely.